IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:03CV277

| | | |
|---|---|---|
| HUDSON CONSTRUCTION COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | **O R D E R** |
| DILLINGHAM CONSTRUCTION CO., INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**THIS MATTER** is before the Court on the Defendant's motion pursuant to Federal

Rules of Civil Procedure 59(a) and (e) and 60(b) for a new trial or, in the alternative, to alter or

amend judgment.

## I. APPEARANCE OF COUNSEL

It is first noted that these motions were filed by new counsel who has not filed a notice of

appearance in this action. On April 15, 2005, Womble Carlile, which previously represented the

Defendant moved for leave to withdraw citing two independent reasons. The Defendant had

stopped paying legal fees owed to the firm. In addition, "Dillingham has urged Womble Carlile

to take action which Womble Carlile finds impudent and contrary to the judgment of Womble

Carlile's lawyers." **Motion to Withdraw as Counsel for Defendant, filed April 15, 2005, ¶ 5.**

The undersigned allowed the motion for leave to withdraw as is known to Defendant and current counsel who filed the motion now before the Court.

## II. STANDARD OF REVIEW

"There are three circumstances in which the district court can grant a Rule 59(e) motion: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" ***United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), cert. denied, 538 U.S. 1012 (2003) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 398, 403 (4th Cir. 1998)).**

> Thus, the rule permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings. Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. . . . In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.

***Pac. Ins. Co.*, at 403 (quotations omitted).** "[A]n issue presented for the first time in a motion pursuant to Federal Rule of Civil Procedure 59(e) generally is not timely raised; accordingly, such an issue is not preserved for appellate review unless the district court exercises its discretion to excuse the party's lack of timeliness and consider the issue." ***Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999).** Finally, "mere disagreement [with the Court's ruling] does not support a Rule 59(e) motion." ***Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).**

Federal Rule of Civil Procedure 60(b)(1) provides that a court may "upon such terms as are just . . . relieve a party . . . from a final judgment, order or proceeding for . . . mistake, inadvertence, surprise or excusable neglect[.]" **Fed. R. Civ. P. 60(b)(1).**

> The consideration of Rule 60(b) motions proceeds in two stages. First there is the question of whether the movant has met each of three threshold conditions. "[I]n order to obtain relief from a judgment under Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside."

*Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4ᵗʰ Cir. 1993) (quoting *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4ᵗʰ Cir. 1987)). "A fourth threshold requirement, a showing of 'exceptional circumstances,' is also required in many cases." *H & W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 252 (D. Md. 2000), *aff'd*, 30 Fed. Appx. 75 (4ᵗʰ Cir. 2002) (citations omitted). Only if a party makes each of these showings will the Court proceed to the second stage. *Nat'l Credit Union, supra.*


### III. DISCUSSION

Counsel raises nothing more than baseless arguments in support of the motion. He claims that affidavits of David Dillingham were not stricken from the record but nevertheless were not considered by the Court. The reason those affidavits were not considered has been amply stated. A court is not obligated to strike evidence from the record in order to determine that it may not be properly considered.

Defendant now seeks to provide yet another affidavit from David Dillingham, claiming it contains information which was never presented to the Court. Assuming *arguendo* that the

affidavit does contain new information, such information could and should have been presented well before this point in time. Indeed, the record in this case is voluminous.

The remainder of the motion is little more than disagreement with the Court's ruling. It is also disclosed that there is yet another state action between these parties. It is, however, time for the judicial resources of this Court to be expended in connection with litigation other than this case.

The Defendant and its counsel are hereby advised that this Court considers the motion which was most recently filed to be frivolous and that any future conduct may be sanctioned. *See* **Fed. R. Civ. P. 11(b); 28 U.S.C. § 1927.** Sanctions, if imposed, may include directives of a nonmonetary nature, such as an injunction against the filing of any future pleadings, an order to pay a penalty into court, and/or an order directing payment to the Plaintiff of reasonable attorneys' fees incurred as a direct result of the violation.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to grant a new trial or, in the alternative, to alter or amend Judgment, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant and counsel, William Loose, are hereby **ORDERED** to consider carefully the Court's warning concerning sanctions.

**Signed: May 31, 2005**

Lacy H. Thornburg
United States District Judge